IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| AMERICA FIRST POLICY INSTITUTE, | ) |
| *Plaintiff,* | ) ) ) ) |
| v. | ) Civil Action No. _____ ) ) |
| UNITED STATES INSTITUTE OF PEACE, | ) ) |
| *Defendant.* | ) ) ) |

## COMPLAINT

Plaintiff America First Policy Institute (AFPI) brings this action against Defendant United States Institute of Peace (USIP) to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552. As grounds therefore, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff AFPI is a non-profit, non-partisan research institution organized under the laws of Texas. AFPI is dedicated to the advancement of policies that put the American people first. Its guiding principles are political, religious, and economic liberty, the rule of law, government accountability, America-First foreign policies, and a belief that American

1

workers, families, and communities are indispensable to the success of our country. AFPI accomplishes its mission, in part, through litigation, regulatory comment, FOIA requests, research papers, blog posts, and notably, public outreach and education through its several social media accounts.

4. AFPI conducts its affairs at its offices in Fort Worth, Texas. AFPI's Fort Worth office issued the FOIA request at issue in this lawsuit.

5. Defendant USIP is an agency of the federal government within the meaning of 5 U.S.C. § 552(f). *See* 22 U.S.C. § 4607(i) ("The Institute and its directors, officers, employees, and agents shall be subject to the provisions of section 552 of title 5"). Defendant USIP is headquartered at 2301 Constitution Avenue, NW Washington, D.C. 20037. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. Consistent with his campaign promises to reduce government "waste," President Trump issued Executive Order 14217, "Commencing the Reduction of the Federal Bureaucracy," (the "EO") on February 19, 2025. The EO aimed to "dramatically reduce the size of the Federal Government, while increasing accountability to the American people." Defendant USIP is specifically listed as a government entity to be eliminated to the maximum extent consistent with applicable law.

7. The Department of Government Efficiency (DOGE), established by Executive Order 14158 on January 20, 2025, was created to spearhead the President's initiative to reduce government spending. The executive order instructs agencies to take "all necessary steps to ensure [DOGE] has full and prompt access to all unclassified agency records, software systems, and IT systems."

8. Consistent with executive branch policy, DOGE consulted various federal agencies on-site to assess their current operations.

9. On March 14, 2025, USIP denied DOGE personnel access to the Institute's headquarters, citing their supposed autonomy from the executive branch. In response, members of the Board removed the President of the Institute, Mr. George Moose, from his position. On March 17, DOGE personnel returned, aided by the District of Columbia police, and gained access to the building.

10. The events of March 17 were highly publicized. Since then, former Board members filed suit against the Trump administration, claiming that USIP is exempted from executive oversight.

11. On April 2, 2025, Plaintiff submitted a FOIA request (the "Request") to Defendant via e-mail seeking access to the following records made since January 20, 2025:

    a) All records created or received, including all internal communications—via email (including CCs and BCCS), SMS text, Signal, WhatsApp, or other messaging platforms—and calendar records mentioning:
        i. Executive Order No. 14217, "Commencing the Reduction of the Federal Bureaucracy"
        ii. The Department of Government Efficiency (also referred to as "D.O.G.E." or "DOGE")
        iii. Elon Musk
        iv. Donald Trump

    b) All records created or received, including all internal communications—via email (including CCs and BCCS), SMS text, Signal, WhatsApp, or other messaging platforms—and calendar records discussing:
        i. Compliance with Executive Order No. 14217
        ii. Anticipated audits, financial reviews, or other supervision as a result of Executive Order No. 14217

   iii. Deletion, modification, or altering of financial records, including but not limited to USIP contracts with foreign individuals and organizations

   iv. Decision to deny DOGE personnel access to USIP headquarters

   v. Determination that USIP is or is not an independent, non-profit organization

   vi. Determination that USIP headquarters is or is not federal property

c) All records created or received, including all internal communications—via email (including CCs and BCCS), SMS text, Signal, WhatsApp, or other messaging platforms—and calendar records with other executive agencies regarding DOGE's access to information and ability to enter federal property.

d) Internal policies, procedures and protocols, including but not limited to guidance, memorandum, and employee handbooks and agreements, regarding compliance with the EO.

e) Internal policies, procedures and protocols, including but not limited to guidance, memorandum, and employee handbooks and agreements, regarding record retention, duration of retention, custody assignments, and deletion protocols.

f) Internal policies, procedures and protocols regarding access to USIP headquarters by the public as well as federal personnel.

g) All records relating to the processing and fulfillment of this FOIA request.

A true and correct copy of the Request is attached hereto as **Exhibit A**.

12. On April 2, 2025, USIP's website (usip.org) set forth a directory for FOIA information, stating "The U.S. Institute of Peace is subject to FOIA and is committed to the spirit and the law of proactive public disclosure." The same webpage then informed the user: "[t]o initiate a FOIA request, please email FOIA-Request@usip.org." However, as of the date of this complaint, USIP's FOIA webpage is no longer accessible. Accordingly, attached hereto as **Exhibit B** is a true and correct archived copy of USIP's FOIA webpage accessible

through The Wayback Machine (http://web.archive.org), a digital archive of the World Wide Web that preserves the history of websites.

13. Plaintiff's FOIA Request sent to FOIA-Request@usip.org on April 2, 2025, was successfully delivered per the instructions on USIP's FOIA webpage.

14. As of the date of this Complaint, Plaintiff has not received any response nor acknowledgement from Defendant USIP about its response to the Request.

15. USIP has failed to: (i) determine whether to comply with the Request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant is in violation of FOIA, 5 U.S.C. § 552.

18. Pursuant to 22 U.S.C. Ch 56, the United States established USIP. From inception, USIP, its directors, officers, employees, and agents have been subject to the Freedom of Information Act. 22 U.S.C. §4607(i); *see* 5 U.S.C. § 552.

19. Defendants have failed to make a timely determination with respect to Plaintiff's request within FOIA's twenty-day statutory deadline, which violates their obligations under FOIA. U.S.C. § 552(a)(6)(A).

20. Plaintiff has and/or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(i); *id*. § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Issue a declaration that Defendants' failure to provide a timely determination in response to the Request violates its obligations under FOIA;

(2) Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records at no cost to Plaintiff;

(3) Order Defendant to conduct a search reasonably calculated to identify all records responsive to Plaintiff's Request and to immediately disclose, in their entirety, all records responsive to Plaintiff's Request that are not specifically exempt from disclosure under FOIA;

(4) Retain jurisdiction of the action to ensure no agency records are wrongfully withheld;

(5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Dated: June 3, 2025

Respectfully submitted,

*/s/ H. Dustin Fillmore III*
H. Dustin Fillmore III
State Bar No. 06996010
Charles W. Fillmore
State Bar No. 00785861

THE FILLMORE LAW FIRM, LLP
201 Main Street, Suite 700
Fort Worth, Texas 76102
817/332-2351 – office
817/870-1869 – fax
dusty@fillmorefirm.com
chad@fillmorefirm.com

Of Counsel:

Andrew Zimmitti (*application for admission pro hac vice forthcoming*)
America First Policy Institute
1455 Pennsylvania Ave., N.W.
Ste. 225
Washington, D.C., 20004
azimmitti@americafirstpolicy.com

John Casali  (*application for admission pro hac vice forthcoming*)
America First Policy Institute
1455 Pennsylvania Ave., N.W.
Ste. 225
Washington, D.C., 20004
jcasali@americafirstpolicy.com